FILED & ENTERED

JUN 11 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Robert Reza Rezvani<br><br>Debtor.<br><br>John Lebrun<br><br>Plaintiff,<br>v.<br><br>Robert Reza Rezvani<br><br>Defendant. | CHAPTER 7<br><br>Case No.:  2:14-bk-23510-TD<br>Adv No:   2:14-ap-01676-TD<br><br>**ORDER (1) TO SHOW CAUSE WHY ADVERSARY SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND (2) CONTINUING HEARING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Date:   June 3, 2015<br>Time:   10:00 a.m.<br>Courtroom:   1345<br><br>Order to Show Cause Hearing<br>Date:   July 22, 2015<br>Time:   10:00 a.m.<br>Courtroom:   1345 |

TO THE PLAINTIFF, DEFENDANT, AND THEIR ATTORNYS, AND TO ALL OTHER PARTIES IN INTEREST IN THE ABOVE-ENTITLED AVERSARY PROCEEDING:

-1-

1    NOTICE IS HEREBY GIVEN, AND IT IS HEREBY ORDERED THAT Plainitff
2 John Lebrun (Plaintiff) show cause, at the time and place specified above, why this
3 adversary proceeding should not be dismissed for failure to state a claim upon which
4 relief can be granted.  Federal Rule of Civil Procedure 12(b)(6) and FRBP 7012.
5    This adversary proceeding has a short but difficult procedural history.  The
6 above-captioned adversary proceeding was dismissed January 15, 2015 based on
7 Plaintiff's failures (a) to appear at a scheduled status conference hearing, (b) to file a
8 status conference report as required by LBR 7016-1(a)(2), (c) to serve an amended
9 summons, and (d) to serve the complaint in compliance with FRBP 7004 and *In re*
10 *Villar*, 317 B.R. 88 (9th Cir. BAP 2004).  Plaintiff filed a *Motion for Reconsideration* on
11 January 15, 2015.  On January 27, 2015, before the court responded to the Motion for
12 Reconsideration, Plaintiff filed a Notice of Appeal on behalf of Plaintiff from the court's
13 order dismissing the adversary.
14    On March 11, 2015, the court entered an Order Regarding Motion for
15 Reconsideration.  Although the court believed there was authority to dismiss the
16 adversary proceeding based on lack of prosecution, the court was also concerned that
17 the Plaintiff was disserved by his attorney in her failure to prosecute this case because
18 of her personal issues that were unrelated to Plaintiff's lawsuit.
19    On March 12, 2015 the Bankruptcy Appellate Panel (BAP) ordered a limited
20 remand to this court to take whatever action it sees fit.  In response, on March 24, 2015,
21 this bankruptcy court set a hearing for April 22, 2015 on Plaintiff's Motion for
22 Reconsideration.  The hearing was later continued to April 29, 2015.  Plaintiff LeBrun
23 was not able to attend the April 29, 2015 hearing as directed; however his attorney
24 Zakeya Brookins appeared.  The hearing was continued to June 3, 2015.  Attorney
25 Brookins attended the June 3 hearing at the last minute by phone due to a car accident.
26 She advised that she was under the care of a physician in the District of Columbia
27 where the accident occurred.
28

At the June 3 hearing, the court observed that Plaintiff's complaint was lacking in sufficient factual allegations to meet the plausibility requirements as established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and 11 U.S.C. § 523(a)(6).  Plaintiff also appears to fail to meet the requirements of Civil Rule 8(a)(2), for a "short and plain statement" of his claims showing that he "is entitled to relief."  Plaintiff's complaint is based on a January 30, 2004 state court judgment that was renewed October 15, 2013, in favor of Plaintiff, against Debtor Robert Reza Rezvani.  Plaintiff's judgment recites simply that it is based on the "intentional acts of Defendant Robert Reza."  The cause of action listed in the adversary is based upon 11 U.S.C. § 523(a)(6).

Pursuant to § 523(a)(6), a debt is nondischargeable if the debtor's actions result from "willful and malicious injury by the debtor to another entity or to the property of another entity." A "willful" injury must entail a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61-2, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998). In the Ninth Circuit, the intent required to be considered "willful" must be either the subjective intent of the actor to cause harm or the subjective knowledge of the actor at the time that harm was substantially certain to occur. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1144-45 (9th Cir. 2002).

Whether the debtor's conduct was "malicious" as used in § 523(a)(6) must be established by proving that debtor's conduct included "(1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) is done without just cause and excuse." *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1106 (9th Cir. 2005). The Supreme Court has stated that when a wrongful act is voluntarily committed, with knowledge that the act is wrongful and will necessarily cause injury, it constitutes a willful and malicious injury within the meaning of § 523(a)(6). *See Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir. 2001).

Based on the allegations of Plaintiff's complaint here, the complaint fails to assert sufficient factual allegations to establish a claim that is entitled to relief under provisions of § 523(a)(6) or the case law.

At the same time, Defendant Rezvani's response to Plaintiff's Motion to Reconsider contains nothing but unpersuasive conclusory statements from Rezvani or his attorney.

As discussed at the June 3 hearing, the parties are hereby directed to file such pleadings and evidence as necessary and appropriate to address the questions posed by the court herein or at the June 3 hearing:

(1) Should Plaintiff's Motion for Reconsideration be denied pursuant to FRBP 60(b)?

(2) Should Defendant's Response to the Motion for Reconsideration be overruled for failure to provide an adequate factual basis for the court to deny the Plaintiff's Motion for Reconsideration?

(3) Should the adversary proceeding be dismissed pursuant to FRBP 7012 and Civil Rule 12(b)(6) for failure to state a viable claim?

IT IS HEREBY FURTHER ORDERED THAT any response to this OSC must be filed and served, with a judge's copy delivered to chambers, not later than July 10, 2015.

IT IS HEREBY FURTHER ORDERED THAT the Motion for Reconsideration is continued to July 22, 2015, at 10:00 a.m.

###

Date: June 11, 2015

*Thomas B. Donovan*
Thomas B. Donovan
United States Bankruptcy Judge