

FILED & ENTERED

SEP 22 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Robert Reza Rezvani,<br><br><br><br><br>Debtor. | CHAPTER 7<br><br>Case No.:  2:14-bk-23510-TD<br>Adv No:   2:14-ap-01676-TD<br><br>**ORDER GRANTING (1) PLAINTIFF'S MOTION TO RECONSIDER ORDER DISMISSING ADVERSARY PROCEEDING FOR FAILURE TO PROSECUTE AND (2) DISMISSING PLAINTIFF'S ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED** |
| John  Lebrun,<br><br>Plaintiff,<br>v.<br><br>Robert Reza Rezvani,<br><br><br>Defendant. | Date:      July 22, 2015<br>Time:      10:00 a.m.<br>Courtroom: 1345 |

-1-

1

**FACTS**

2      John Lebrun (Plaintiff) is a judgment creditor of chapter 7 debtor Robert Reza

3

4    Rezvani (Defendant) based on a 2004 San Bernardino Superior Court default judgment

5    totaling $324,107.42 for serious personal injuries incurred by Plaintiff in 2002.  Plaintiff

6    sustained his injuries while riding at night in a dune buggy operated by Defendant. The

7    judgment was renewed on October 15, 2013, with interest and costs after judgment,

8    and now totals $638,211.68.

9      On October 21, 2014, Plaintiff filed an adversary complaint seeking a

10   determination that the superior court judgment is nondischargeable pursuant to section

11
12   523(a)(6) of the Bankruptcy Code because it arose from Defendant's "willful and

13   malicious" conduct.

14     The adversary complaint fails to assert any facts explaining how Plaintiff's injury

15   actually occurred. Plaintiff recites, in conclusory language, that Defendant's conduct

16   was "willful," and concludes that the "so-called willful and malicious injury exception"

17
18   should apply. Plaintiff appears to ignore the fact that Bankruptcy Code section

19   523(a)(6), which requires that a prepetition debt result from a "willful *and malicious*

20   injury" to be nondischargeable, involves two distinct legal standards under relevant

21   binding law, each of which must be adequately pled and supported by allegations of

22   fact. Plaintiff simply attaches a copy of the state court complaint and judgment. The

23
24   judgment does not include any detailed factual findings, but states only that "Plaintiff's

25   damages are based upon the intentional acts of Defendant Robert Reza."

26     This court dismissed the adversary proceeding on January 15, 2015, due to

27   Plaintiff's subsequent failure to prosecute his case. Specifically, Plaintiff failed to (a)

28   appear at a scheduled status conference hearing, (b) file a status conference report as

1    required by FRBP Rule 7016 and LBR 7016-1(a)(2), (c) serve an amended summons

2    on the Debtor, and (d) serve the adversary complaint on the Debtor in compliance with

3    FRBP 7004 and *In re Villar*, 317 B.R. 88 (9th Cir. BAP 2004).

4

5    Plaintiff filed a Motion for Reconsideration (the "Motion") on January 15, 2015,

6    the day the dismissal order was entered.  Plaintiff did not provide any statutory basis for

7    relief from the dismissal order. Rather, Plaintiff's counsel, Ms. Brookins, "apologize[d] to

8    the Court" and explained that she was "distracted during the course of this matter due to

9    the bitter break-up of an almost 50-year relationship."  Brookins further noted that her

10    failure to comply with court orders was "not intentional," and that her client would suffer

11    "undue hardship" if the Motion were denied.

12

13    On January 27, 2015, before the court responded to the Motion, Plaintiff filed a

14    Notice of Appeal to the Bankruptcy Appellate Panel (BAP) from the court's order

15    dismissing the adversary complaint.

16    On March 11, 2015, the court entered an Order Regarding Motion for

17    Reconsideration.

18

19    In that Order, the court expressed its concern that, although there was authority

20    to dismiss the adversary case based on lack of prosecution, Plaintiff was disserved by

21    his attorney in her failure to represent Mr. Lebrun adequately due to personal issues

22    unrelated to Plaintiff's lawsuit.

23    On March 12, 2015, the BAP ordered a limited remand to this court to take

24    whatever action it saw fit.  In response, on March 24, 2015, this court set a hearing for

25    April 22, 2015 on Plaintiff's Motion.  The hearing was later continued to April 29, 2015.

26

27    Mr. Lebrun was unable to attend the April 29, 2015 hearing as directed; however, Ms.

28    Brookins appeared.  The hearing was continued to June 3, 2015.  Brookins attended the

June 3 hearing at the last minute by phone due to a car accident.  She advised that she

was under the care of a physician in the District of Columbia where the accident

occurred.  Lebrun attended in person.

At the June 3 hearing, the court noted that Plaintiff's complaint lacked

sufficient factual allegations to meet the pleading requirements of Civil Rules 8(a) and

12(b)(6), as established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 545 (2007).

The court entered an Order to Show Cause (OSC) on June 11, 2015.  The

parties were directed to file such pleadings and evidence as necessary and to address

the following questions:

1.  Should Plaintiff's Motion for Reconsideration be denied pursuant to Fed. R.

    Civ. Proc. (Civil Rule) 60(b)?

2.  Should Defendant's Response to the Motion for Reconsideration be overruled

    for failure to provide an adequate factual basis for the court to deny the

    Plaintiff's Motion for Reconsideration?

3.  Should the adversary proceeding be dismissed pursuant to FRBP Rule 7012

    and Fed. R. Civ. Proc. (Civil Rule) 12(b)(6) for failure to state a viable claim?

Responses to the OSC were required not later than July 10, 2015.

Plaintiff filed a timely response on July 10, 2015, but failed to include a proof of

service by mail as required by LBRs 9013-1(e) and 9013-3(c).  Defendant filed a

response one week late, on July 17, 2015.  Defendant claims he was not served with

Plaintiff's response.

In an effort to remedy the pleading defects of her adversary complaint, Brookins

addressed section 523(a)(6)'s "malice" element for the first time in her response to the

OSC.  To support her claim that Defendant's actions were "malicious," Brookins cites to

the transcript of a January 26, 2004 hearing in the personal injury suit.  In it, the superior

court commented: "I'll find intentional misconduct based on the time of the night, the

timing conditions and the absence of any operating lights at that rate of speed."  It

should be noted that, elsewhere in the same transcript, the superior court stated:

"[Rezvani] may have intended to do the driving behavior, yes, but the ultimate

consequences of it I don't think were intended."

With respect to Plaintiff's grounds for seeking relief from the court's order

dismissing her case for failure to prosecute, Brookins raises, also for the first time in her

response to the OSC, Civil Rule 60(b), incorporated in part by FRBP Rule 9024.

Specifically, Brookins requests that the dismissal order be set aside pursuant to

Civil Rule subsections (b)(1) ("excusable neglect") and (b)(6) ("any other reason that

justifies relief").

A hearing regarding the OSC was held on July 22, 2015.  The matter was taken

under submission for further review by this court.

## DISCUSSION

For the reasons set forth in detail below, the court hereby grants Plaintiff's Motion

so that Plaintiff's nondischargeability action may be decided, as expeditiously as

possible, on the merits.  In so doing, the court finds that Brookins, as Plaintiff's

representative in this matter, has committed "gross negligence" constituting an

"extraordinary circumstance" warranting relief under Rule 60(b)(6).

At the same time, the court dismisses Plaintiff's adversary complaint with leave to

amend for failure to state sufficient facts to support a claim pursuant to Civil Rules

8(a)(2) and 12(b)(6), as incorporated by FRBP Rules 7008 and 7012.

1    In making these determinations, the court strongly reemphasizes the statement it

2    made in its March 11, 2015 order that "Plaintiff might be well advised to seek a new

3    attorney."

**A.**  **Plaintiff's Adversary Complaint Is Insufficiently Pleaded Under Rule**

**8(a)(2) and Fails to State an Actionable Claim Under Rule 12(b)(6).**

7    Under Civil Rule 8(a)(2), a pleading must contain a "short and plain statement of

8    claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-

9    78 (2009).  A pleading that offers "labels and conclusions" or a "formulaic recitation of

10    the elements of a cause of action will not do." Id. at 678.

12    Here, Plaintiff's complaint is completely devoid of any factual narrative

13    concerning Lebrun's injury.  It fails to plead the individual factual elements necessary to

14    state a claim under section 523(a)(6) for willful and malicious injury by the Debtor.

15    For the same reason, Plaintiff's adversary complaint fails to meet the pleading

16    standard under Rule 12(b)(6). See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545

17    (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

18    detailed factual allegations, a plaintiff's obligation to provide the grounds of his

19    entitlement for relief requires more than labels and conclusions[.]") (citation omitted).

21    As such, the complaint fails to state a claim upon which relief may be granted

22    and is hereby dismissed on the court's motion pursuant to Civil Rule 12(b)(6), with leave

23    to amend.

**B.**  **Brookins's Failure to Prosecute Her Client's Case Constitutes Gross**

**Negligence Justifying Relief Pursuant to Civil Rule 60(b)(6).**

27    Civil Rule 60(b) is "remedial in nature and thus must be liberally applied."

28    Community Dental Servs. v. Tani, 282 F.3d 1168 (9th Cir. 2002) (en banc) (citing Falk v.

1  Allen, 739 F.23d 461, 463 (9ᵗʰ Cir. 1984) (per curiam)). A case should, "whenever

2  possible, be decided on the merits." Id.

3          Relief under Rule 60(b)(6) is used "sparingly as an equitable remedy to prevent

4
5  manifest injustice." Lal v. State of California, 610 F.3d 518 (9ᵗʰ Cir. 2010). To receive

6  relief, a party must demonstrate "extraordinary circumstances which prevented or

7  rendered him unable to prosecute [his case]." Tani at 1168. The party must demonstrate

8  both injury and circumstances beyond his control that prevented him from proceeding

9  with the prosecution or defense of the action in a proper fashion. Id. (citing United

10 States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9ᵗʰ Cir. 1993)).

11
12         Ordinarily, a client is chargeable with his attorney's negligent acts. Tani at 1168.

13 Because the client is presumed to have voluntarily chosen the lawyer as his

14 representative and agent, he ordinarily cannot later avoid accountability for negligent

15 acts or omissions of his counsel. Tani at 1168. Thus, attorney negligence does not

16 ordinarily qualify as an "extraordinary circumstance" warranting relief under Rule

17 60(b)(6). See Lal at 518.

18
19         However, the Court of Appeals for the Ninth Circuit, in Tani, recognized that an

20 attorney's *gross* negligence constitutes an "extraordinary circumstance" justifying relief

21 from a default judgment under Civil Rule 60(b)(6). See Tani at 1169.

22         Gross negligence is "neglect so gross that it is inexcusable." Id. Conduct on the

23 part of a client's alleged representative that results in the client's receiving practically no

24 representation at all constitutes gross negligence, and vitiates the agency relationship

25
26 that underlies the general policy of attributing an attorney's negligence to the client. Id.

27         In Lal, the Ninth Circuit extended Tani by holding that an attorney's gross

28 negligence also provides grounds for relief from a dismissal with prejudice for failure to

-7-

prosecute. See Lal at 524.

In both Tani and Lal, the attorneys "virtually abandoned their clients by failing to proceed with their clients' case despite court orders to do so." See Lal at 525. The attorney in Tani filed an answer two weeks late, never served a copy on the defendant, failed to oppose defendant's motion to strike the answer, and failed to attend various hearings. Tani at 1171. The attorney in Lal failed to make Civil Rule 26 disclosures after being ordered to do so; failed to meet, confer, and participate in the joint case management conference despite court orders; and failed to attend hearings. Lal at 525. In both cases, the attorneys "deliberately misled their clients and deprived them of the opportunity to take action to preserve their rights."

Here, Plaintiff's adversary complaint was dismissed for lack of prosecution due to Brookins's failure to appear at a scheduled status conference hearing, failure to file a status conference report, failure to serve an amended summons, and failure to properly serve the complaint.

Ms. Brookins's conduct was inexcusable.  She completely disregarded her responsibilities to Plaintiff, her client, in this adversary proceeding until January 15, 2015, without any explanation other than to cite her "distraction" due to the break-up of a lengthy personal relationship.

Brookins's inaction in this case rises above the level of "mere neglect."  See Pioneer at 1497.  Her behavior amounts to "gross negligence" warranting relief under Rule 60(b)(6) because she provided her client with "practically no representation at all." See Tani at 1169.

Meanwhile, Brookins appears to have misled Plaintiff regarding the prospects of his case. At the June 3, 2015 hearing, the court inquired of Plaintiff whether he believed

Brookins was providing adequate legal representation. Plaintiff replied that he was

satisfied with Brookins's services.

In the court's view, Brookins's neglect was "so gross that it is inexcusable." <u>See</u>

<u>Tani</u> at 1169. As such, it "vitiates the agency relationship that underlies the general

policy of attributing an attorney's negligence to the client." <u>Id.</u>

## CONCLUSION

Plaintiff appears to have suffered serious injuries as a result of Defendant's past

conduct. His judgment is over 10 years old. To dismiss Plaintiff's adversary complaint

by reason of his attorney's gross negligence and professional ineptitude would frustrate

the Ninth Circuit's maxim that a case, whenever possible, should be decided on the

merits.

The court's order dismissing the adversary proceeding for failure to prosecute is

hereby vacated. Plaintiff's adversary complaint for nondischargeability is dismissed, with

leave to file and serve a First Amended Complaint no later than 21 days from the entry

of this order.

**IT IS SO ORDERED.**

# # #

Date: September 22, 2015                    Thomas B. Donovan
                                            United States Bankruptcy Judge