| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID CHASE ESQ (SBN 109172)<br>LAW OFFICE OF DAVID CHASE<br>1900 EAST LA PALMA AVE, SUITE 207<br>ANAHEIM CA 92805<br>TEL: 714-858-0516<br>FAX: 714-772-2069<br>EMAIL dchaselaw@yahoo.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* ROBERT REZA REZVANI | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>ROBERT REZA REZVANI<br><br>VS<br><br>JOHN LEBRUN<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2-14-AP-01676TD<br>CHAPTER: 7<br><br>**NOTICE OF MOTION FOR:**<br>DEBTOR'S MOTION TO DISMISS FIRST AMENDED ADVERSARY COMPLAINT<br><br><br><br><br>(*Specify name of Motion*)<br><br>DATE: 12/09/2015<br>TIME: 10:00 am<br>COURTROOM:<br>PLACE: 255 E. Temple St. #1345<br>       Los Angeles, CA 90012 |

1. TO (*specify name*): JOHN LEBRUN and HIS ATTORNEYS

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  10/27/2015

LAW OFFICE OF DAVID CHASE
Printed name of law firm


/s/ DAVID CHASE
Signature


DAVID CHASE
Printed name of attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                         Page 2                              **F 9013-1.1.HEARING.NOTICE**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 EAST LA PALMA AVE, SUITE 207
ANAHEIM CA 92805

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*) DEBTOR'S MOTION TO DISMISS FIRST AMENDED ADVERSARY COMPLAINT
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/29/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Zayena L. Brookins: brookinslawtax@gmail.com, graceparacletelawcenter
United States Trustee: ustpregion16.la.ecf@usdoj.gov
Heidi Kurtz: usmars@aol.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/29/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Thomas Donovan, 255 East Temple St., Los Angeles,, CA 90017
Robert Reza Rezvani, 1546 Kiowa Crest Dr., Diamond Bar, CA 91765

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/29/2015 | SARA LEON | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 3    **F 9013-1.1.HEARING.NOTICE**

DAVID CHASE, ESQ.
LAW OFFICE OF DAVID CHASE
1900 East La Palma, Ste. 207
Anaheim, CA 92805
Telephone (714) 772-2485
Facsimile (714) 772-2069

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: ) | Case No. 2:14-bk-23510TD |
| ) | Adv. Case No. 2:14-ap-01676TD |
| ROBERT REZA REZVANI ) | |
| ) | |
| ) | MOTION TO DISMISS AMENDED |
| ) | COMPLAINT |
| _____ ) | |
| ) | |
| JOHN LEBRUN ) | |
| ) | |
| Plaintiff, ) | DATE: December 9, 2015 |
| v. ) | TIME: 10:00 a.m. |
| ) | PLACE: 255 E. Temple St. #1345 |
| ROBERT REZA REZVANI ) | Los Angeles, CA 90012 |
| ) | |
| Defendants, ) | |
| _____ ) | |

    Defendant moves this Court, pursuant to the Federal Rules of Civil Procedure, Rule 12 (b)(6) and the Federal Rule of Bankruptcy Procedure, Rule 7012(b)(6), to dismiss the present action because the Plaintiff's Amended Complaint Pursuant To §523(A)(6) fails to state a claim against this Defendant upon which relief can be granted, and the Plaintiff has failed to allege facts

1

sufficient to allow this Court to infer that this Defendant intended the injuries suffered by Plaintiff.

The defendant requests that the dismissal be with prejudice and without leave to amend Plaintiff's pleading.

DATED: October 29, 2015                    /s/ David Chase
                                                      David R. Chase, Esq.
                                                     Attorney for Defendant

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

I
SIGNIFICANT FACTS

1. This is an action brought under 11 USC 523(a)(6). [Complaint par. 1 and 5]

2. On March 30, 2002 the Plaintiff was a back seat passenger in a dune buggy driven by the Defendant. [Complaint par. 7]

3. The Defendant turned the dune buggy in a sudden manner. [Complaint par. 16]

4. The dune buggy rolled over and the Plaintiff was injured. [Complaint par. 17 and 18]

5. Plaintiff's spine was fractured. [Complaint par. 26]

6. Plaintiff sued the Defendant in state court, and he obtained a default judgment on January 25, 2004. [Complaint par. 23]

7. The Plaintiff does not allege that the Defended intended the injuries suffered by the Plaintiff. The Plaintiff only alleges that the "Defendant knew his actions would probable cause some type of injury or damage. [Complaint par. 55 and 57]

8. An intentional act that lead to injury does not support a "plausible" claim under §523(a)(6). A "willful injury" is a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Albarran v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 706 (9th Cir. 2008) (citing Kawaauhau v. Geiger 523 U.S. 57 at 61).

## II
## The Supreme Court holds that debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6).

### *Kawaauhau v. Geiger, 523 US 57, 64* (1998)

In *Kawaauhau v. Geiger,* 523 U.S. 57, 61-62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court held that § 523(a)(6) requires the actor to intend the injury, not just the act that leads to the injury. Thus, recklessly or negligently inflicted injuries are not excepted from discharge under § 523(a)(6). In *Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998),

## III
## The Court Must Strictly Construe Plaintiffs Objections To Debtors' Discharge or Dischargeability

Courts, in evaluating discharge objections, must strictly construe them in favor of a debtor's fresh start. *Jett v. Sicroff* (In re Sicroff), 401 F.3d 1101, 1104 (9th Cir. 2005) [citing *Industrie Aeronautiche v. Kasler (In re Kasler)*, 611 F.2d 308, 310 (9th Cir. 1979)]. Thus, Plaintiff bears the burden of proof here, and it is a high one.

## IV
## 11 U.S.C. that § 523(a)(6) requires the actor to intend the injury, not just intend the act that leads to the injury.

The Plaintiff admits in his pleading that the Defendant did not intend the injuries suffered by Plaintiff. The Plaintiff alleges that the "Defendant knew his actions would probable cause some type of injury or damage. [Complaint par. 55 and 57]

11 U.S.C. that § 523(a)(6) requires the actor to intend the injury, not just intend the act that leads to the injury. Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt that results from "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). In *Kawaauhau v. Geiger,* 523 U.S. 57, 61-62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court held that § 523(a)(6) requires the actor to intend the injury, not just the act that leads to the injury. Thus, recklessly or negligently inflicted injuries are not excepted from discharge under § 523(a)(6). In *Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998),

A "willful injury" is a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Albarran v. New Form, Inc. (In re Barboza),* 545 F.3d 702, 706 (9th Cir. 2008) (*citing Kawaauhau v. Geiger, 523 U.S.* at 61). The willful injury requirement of section 523(a)(6) is met when a claimant shows either that the debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct. *Petralia v. Jercich (In re Jercich*), 238 F.3d 1202, 1208 (9th Cir. 2001).

The "malicious injury" requirement in section 523(a)(6) is separate from the "willful" requirement. *Carrillo v. Su (In re Su*), 290 F.3d 1140, 1146 (9th Cir. 2002). A malicious injury requires: (1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) is done without just cause or excuse. Id. at 1146-47 (citing *In re Jercich*, 238 F.3d at 1209). The Court must find both willful injury and malicious injury to establish non-dischargeability under section 523(a)(6). Barboza, 545 F.3d at 704.

Willfulness requires proof that the debtor deliberately or intentionally injured the creditor or the creditor's property and that in doing so, the debtor intended the consequences of his act, not just the act itself. In re Su 290 F.3d 1140, 1143. The debtor must act with a subjective motive to inflict injury or with a belief that injury is substantially certain to result from the conduct. Id. at 1142. Injuries resulting from recklessness are not sufficient to be considered willful injuries for exception for discharge under § 523(a)(6). Barboza, 548 F.3d at 708, citing <u>Kawaauhau v. Geig</u>er, 523 U.S. 57, 60-61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

## V
## <u>THE PLAINTIFF HAS NOT ALLEGED A "PLAUSIBLE" CLAIM. THE PLAINTIFF HAS NOT ALLEGED FACTS WHICH WOULD ALLOW AN INFERENCE OF "INTENTIONAL HARM"</u>

In ruling on a Rule 12(b)(6) motion, a court "accept[s] as true all facts alleged in the complaint, and draw[s] all reasonable inferences in favor of the plaintiff." al-<u>Kidd v. Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009), citing <u>Newcal Indus., Inc. v. Ikon Office Solutio</u>n, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008) . <u>The court assesses whether the complaint contains "sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'</u>" al-Kidd, 580 F.3d at 949, citing <u>Ashcroft v. Iqbal,</u> 129 S. Ct. 1937, 1949, (2009), in turn quoting <u>Bell Atlantic Corp. v. Two</u>mbly, 550 U.S. 544, 570 (2007)

To avoid dismissal under Civil Rule 12(b)(6), a plaintiff must aver in the complaint "sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). It is axiomatic that a claim cannot be

plausible when it has no legal basis. <u>A dismissal under Civil Rule 12(b)(6) may be based either on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory</u>. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir.2008).

What facts has Plaintiff alleged which would allow an inference that Defendant intended the harm suffered by the Plaintiff (a fractured neck)? The answer is NONE.

In point of fact, the Plaintiff has alleged that the Defendant did not know what type of injury the Plaintiff may suffer. [Complaint par. 55 and 57]

A. Failure to State a Claim

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has explained the pleading requirements of Rule 8(a)(2) and the requirements for surviving a Rule 12(b)(6) motion to dismiss in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009), *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 (2007). See also *Moss v. U.S. Secret Service*, 572 F.3d 962, 968-69 (9th Cir. 2009).

The pleading standard of Rule 8 does not require "detailed factual allegations." *Iqbal, 556 U.S. at 678* (quoting Twombly, 550 U.S. at 555); see also *Erickson,* 551 U.S. at 93; Moss, 572 F.3d at 968. However, a complaint does not meet the pleading standard if it contains merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Instead, to comply with Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain

7

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly,* 550 U.S. at 556). This plausibility standard is not a probability requirement, but does ask for more than mere possibility; if a complaint pleads facts "merely consistent with" a theory of liability, it falls short of "the line between possibility and plausibility." Id. (quoting *Twombly,* 550 U.S. at 557).

## CONCLUSION

For the above reasons, Plaintiff's amended complaint should be dismissed with prejudice, and without leave to amend.

DATE: October 29, 2015          /s/ David Chase
                                David R. Chase, Esq.
                                Attorney for Defendant

PROOF OF SERVICE

I am employed in the Country of Orange, State of California. I am over age of 18 and not a party to the within action; my business address is 1900 E La Palma Ave , Suite 207 Anaheim , CA 92805 . I served the **MOTION TO DISMISS ADVERSARY** by placing a true copy there off enclosed in a sealed envelope addressed as follows:

<u>VIA ECF:</u>
Zayena L. Brookins: brookinslawtax@gmail.com, graceparacletelawcenter
United States Trustee: ustpregion16.la.ecf@usdoj.gov
Heidi Kurtz: usmars@aol.com

<u>VIA US MAIL:</u>
**Hon. Thomas Donovan**
255 East Temple St.
Los Angeles,, CA 90017

**Robert Reza Rezvani**
1546 Kiowa Crest Dr.
Diamond Bar, CA 91765

I caused such envelope to be deposited in the mail at Anaheim, California. The envelope was mailed with postage there on fully prepaid.

Executed on October 29, 2015 at Anaheim, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/S/ Sara Leon
Sara Leon